HENRY J. KLEIN, petitioner,

*v.*

ADELIA KLEIN, defendant.

[Decided May 26th, 1920.]

Where a husband has made advances to a deserting wife to induce her to return to him, which advances she repulsed, stating that she was through with him, such desertion is obstinate, and the petitioner is entitled to a divorce for desertion.

On exceptions to master's report.

*Messrs. McDermit & McDermit,* for the exceptant.

BACKES, V. C.

This is a petition for divorce on the ground of desertion. The master reported adversely, to which exceptions were filed. The proofs show that the parties were married July 1st, 1903, and that they lived together in this state until October 27th, 1916, when the defendant deserted the petitioner and his home in Manasquan. There had been, for years, discord and unhappiness, and she had deserted him on two previous occasions. In their quarrels, upon one occasion, she stabbed him with a hat pin, and another time, in an altercation, shot off his little finger. At the time of the present desertion, after some dispute, the defendant left, leaving a note as follows: "October 27th, 1916. Henry, good by. This is the last time i will bother you. Delia." The petitioner remained at his home in Manasquan three months and then moved to New Brunswick and afterwards to Newark, where he now resides. He sought his wife among her friends and acquaintances, but without success. In September, 1917, he met her on the street in New Brunswick and requested her to return; she swore at him and refused. Within a week or two after he called at her aunt's house, where she was living, and again asked her to return, with the result that she again swore at him and shut the door in his face. Later he sent his brother-in-law to intercede and she again declined, saying she "did not want to have anything to do with him." To the same brother-in-law, when she was leaving at the time of the desertion, in response to his query "Where are you going, Delia?" she said "I am going away."

In my opinion the proofs make out a clear case of willful, continued and obstinate desertion. The master, it seems, was of the opinion that the petitioner did not make proper advances to his wife, and that the desertion was not obstinate, that is, it was not against the will of the petitioner, for, as it appeared to him, the petitioner was content to have the separation continue after his efforts in September, 1917, and to support this latter view the master adverts to a statement made by the petitioner to his brother-in-law about that time, that he was through with his wife. What the brother-in-law testified to was, that

when he reported to the petitioner that his wife would not return to him, "He said something to the effect that if she was through with him that he was through with her." This was a perfectly natural and spontaneous outburst under the circumstances, and meant no more than that if the wife had finally and irrevocably settled upon a permanent abandonment, he would make no further effort toward a reconciliation.

The desertion was willful. The wife left of her own accord. Her leaving was in nowise induced by the conduct of the husband. He was not at all blamable for the desertion. I question whether, under the circumstances, there was any duty imposed upon him to make advances to his wife to have her return, but if there was, he discharged it in full measure. *Bowlby* v. *Bowlby, 25 N. J. Eq. 406*. He was excused from making any further efforts after he was so incontinentally repulsed in September, 1917, for, it is quite apparent that they would have been unavailing. *Hall* v. *Hall, 60 N. J. Eq. 469*.

The exceptions will be sustained and a decree of divorce advised.